## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60011-CIV-GRAHAM/TORRES

JOSE DIAZ,

      Plaintiff,

vs.

AIG MARKETING, INC.,
a Delaware Corporation,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR COSTS

This matter comes before the Court upon Defendant's Motion to Tax Costs [D.E. 43].[1] After due consideration of the motion, related filings, and the record in this case, we recommend that the motion be GRANTED IN PART and DENIED IN PART, and that Defendant be awarded $2,891.52 in taxable costs.

### I.  BACKGROUND

The matter was initiated on July 16, 2008 when Plaintiff Jose Diaz filed a complaint in state court against his employer, Defendant AIG Marketing, Inc., asserting a claim of age discrimination in violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01 *et seq.*  On January 5, 2009, Defendant removed the action to this court. [D.E. 1].

---

[1]    The Honorable Donald L. Graham referred the motion to tax costs to the undersigned Magistrate Judge. [D.E. 49].

Plaintiff, a man in his sixties who worked for Defendant as an automobile appraiser, alleged that Defendant discriminated against him on the basis of age by: (1) assigning him to the Ft. Lauderdale office and giving him claims within a twenty-five mile radius around the Ft. Lauderdale office, instead of giving him claims around his home in Dade County; (2) increasing his workload from twenty-five claims a week to forty-two claims a week; and (3) terminating him following a leave of absence. [D.E. 1, exh. 1; D.E. 40]. Following discovery, Defendant moved for summary judgment contending that Plaintiff could not establish a *prima facie* case of discrimination under the FCRA, and further that Defendant had legitimate non-discriminatory reasons for its actions. [D.E. 16].

On December 28, 2009 the District Judge granted Defendant's motion for summary judgment, concluding that even if Plaintiff could arguably establish a prima facie case of age discrimination, Defendant had come forward with a legitimate non-discriminatory reason for Plaintiff's termination that Plaintiff could not overcome. Thus, the Court held that Plaintiff could not raise a triable issue of fact regarding whether age discrimination was the "but for" cause of his termination. [D.E. 40]. Plaintiff has appealed the Final Judgment to the Eleventh Circuit Court of Appeals. [D.E. 41]. This appeal is now pending.

Following entry of judgment, Defendant timely moved to tax costs on January 27, 2010, pursuant to Fed. R. Civ. P. 54(d)(2), 28 U.S.C. § 1920, and S.D. Fla. Local R. 7.3, seeking an award of $5,636.52. [D.E. 43]. Plaintiff objects to the amount requested, claiming that Defendant's cost application is grossly excessive and in part not

authorized by statute. [D.E. 47]. Defendant filed a Reply in support of its motion maintaining that as the prevailing party in this case, Defendant is entitled to recover its taxable costs pursuant to 28 U.S.C. § 1920, and that the requested costs were necessarily incurred in its defense against Plaintiff's claim. [D.E. 48].

The Court has thoroughly reviewed Defendant's motion to determine whether the costs sought are recoverable under the applicable statutes. This Report and Recommendation follows.

## II.  ANALYSIS

Defendant seeks $5,636.52 in taxable costs that it claims were necessarily incurred in its successful defense in this case, pursuant to Fed. R. Civ. P. 54(d)(2), 28 U.S.C. § 1920, and S.D. Fla. Local R. 7.3.[D.E. 43]. In diversity cases, federal law controls the award of costs. *Eugene v. 3Don & Partner Estate Group, LLC*, No. 07-80439-CIV, 2009 WL 996016, at *12 (S.D. Fla. Apr. 14, 2009).  Fed. R. Civ. P. 54(d)(1) entitles a prevailing party to recover costs as a matter of course unless directed otherwise by a court or statute and creates a strong presumption in favor of awarding costs. "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).  The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*

Under federal law, a court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.[2]  *See Crawford Fitting Co. V. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of 28 U.S.C. § 1920 or are otherwise unreasonable. *See, e.g. Eugene,* 2009 WL 996016, at *14 (the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case"). In support of its Motion to Tax Costs, Defendant has submitted a Bill of Costs pursuant to S.D. Fla. Local R. 7.3.C,  which lists costs for: fees of the clerk, fees for service of summons and subpoenas, fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case, fees for exemplification and copies of papers necessarily obtained for use in the case, and other costs relating to discovery. [D.E. 43-1].

---

[2]      The following costs are taxable under 28 U.S.C. § 1920:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Plaintiff does not contest that Defendant is the prevailing party in this case. Thus, the sole issue before this court is whether the costs sought by Defendant are taxable under 28 U.S.C. § 1920.

### A.      *Fees of the Clerk*

Defendants seeks an award of $350.00 for filing fees, paid to the Clerk of the United States District Court for the Southern District of Florida, in conjunction with the removal of this case from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. A copy of the receipt reflecting the payment of the requested amount has been provided. [D.E. 43-3, Exh. 1].

Fees paid to the Clerk of the Court are taxable under 28 U.S.C. § 1920(1); *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Plaintiff does not contest this cost. Therefore, Defendant's request of $350.00 for fees of the clerk should be granted.

### B.      *Fees for Service of Summons and Subpoena*

Defendant seeks an award of $165.00 for private process server fees incurred in the service of subpoenas to third party individuals from whom records were sought, including Wachovia Bank ($50,00), Sunpass ($25.00), Bank of America ($25.00 on 6/9/09 and $25.00 on 8/6/09), and Dr. Juvenal Martinez ($40.00). Copies of all corresponding invoices have been provided by Defendant. [D.E. 43-3, exh. 2].

Plaintiff, however, contends that because the subpoenas were not served by the U.S. Marshal or by a special process server, Defendant is not entitled to recover the $165.00 sought for this cost. While 28 U.S.C. § 1920 only refers to fees of the clerk and marshal as taxable costs, in the Eleventh Circuit private process server fees may be

taxed under §§ 1920(1) and 1921, so long as the taxable costs of the private process server are limited to the statutory fees authorized by § 1921. *See EEOC*, 213 F.3d at 624.[3]

The private process server fees sought by Defendant are reasonable for the service provided and do not exceed the statutory fees available to the marshal. Thus, Defendant's request for costs in the amount of $165.00, incurred in serving the subpoenas in question by private process servers, should also be granted.

### C.    *Fees for Transcripts Necessarily Obtained for Use in the Case*

Defendant seeks reimbursement of court reporter fees in the amount of $1,262.13, for all or any part of the transcripts necessarily obtained for use in the case. [D.E. 43-3, exh. 3]. Defendant's submissions show that Defendant incurred these costs in connection with obtaining the original printed or electronically recorded transcripts of Plaintiff Jose Diaz, including fees related to the taking of the deposition of Plaintiff.

Costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620-621 (noting that costs of deposition transcripts may be taxed where the transcripts were, either wholly or partially, "necessarily obtained for use in the case"). Whether

---

[3]    Under Section 1921(b) the Attorney General is authorized the regulate the fees that will be charged by the Marshal's service. *Am. Home Assurance Co. v. RAP Trucking Inc.*, No. 09-20080-CIV, 2010 WL 1573917 *2 (S.D. Fla. Mar. 23, 2010). The Attorney General prescribes a minimum fee of $55.00 per hour for "process served or executed personally... for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

transcripts have been "necessarily obtained for use in the case," or merely for the convenience of counsel, is to be determined on a case-by-case basis. *See, e.g., Desisto Coll., Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1998). In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial. *See EEOC,* 213 F.3d at 620-21. The burden lies with the challenging party to show that the deposition was not related to an issue in the case at the time it was taken. *Id.* at 621.

Plaintiff contends that Defendant is not entitled to an award of $1,262.13 for the cost of transcripts because Defendant failed to specify which portion of the amount was "necessarily obtained for use in the case" or merely obtained for the convenience of counsel. In its reply, Defendant claims that Plaintiff was the only individual deposed in this matter, and that this sole deposition was necessary for use in the case. Specifically, Defendant argues that Plaintiff's deposition testimony, which was submitted in support of Defendant's summary judgment motion, was essential to obtaining dismissal of this matter and thus, "necessarily obtained for use in the case."

Costs associated with the depositions submitted by parties in support of their summary judgment motions are routinely taxed by a district court. *Id.* Further, Plaintiff has failed to meet its burden to show that the deposition taken of Plaintiff by Defendant was not related to an issue in the case at the time the deposition was taken. To the contrary, the record shows that it was. As a result, Defendant's request for

$1,262.13 for court reporter fees in connection with the deposition of Plaintiff Jose Diaz should be granted.

### D.    *Fees for Exemplification and Copies*

Defendant then seeks to recover $1,192.39 in costs incurred in obtaining copies of documents from third parties, having documents copied to be produced to Plaintiff in response to Plaintiff's request for production, and copies for use by Defendant as exhibits at trial. [D.E. 43-2].  Fees for exemplification and copies of papers "necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4).  However, costs of copies made for the mere convenience of counsel are not taxable. *Cappeletti Bros., Inc. v. Broward County*, 754 F. Supp. 197, 198 (S.D. Fla. 1991).  The dispositive question is whether the prevailing party could have reasonably believed that it was necessary to make the copies at issue. *EEOC*, 213 F.3d at 623. If so, "[p]hotocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable." *Desisto*, 718 F. Supp. at 913.

The burden lies on the moving party to show that the copies for which reimbursement is sought, were necessarily obtained for use in the case. *See id.* at 910, n. 1. The movant's failure to itemize copies necessarily obtained for use in the case and those that were made for the mere convenience of counsel may result in a denial of an award of costs.  *See id.* at 914 (declining to award costs for copies because the

defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

Plaintiff argues here that Defendant has failed to meet its burden of showing that the copies in question were necessarily made for use in the case. Specifically, Plaintiff contends that there is no basis upon which an appropriate award can be determined because Defendant's submissions fail to show whether or not the documents were copied merely for the convenience of counsel, and fail to indicate the number of pages copied or the cost per page which Defendant requests. Further, Plaintiff claims that the copies in question correspond to irrelevant bank records of the Plaintiff that have no bearing on the case.

Defendant claims that it only requested reimbursement of copy costs directly related to third party discovery necessary in this case, to Plaintiff's request for production of documents, and for anticipated use at trial. Defendant argues that it has not requested reimbursement for internal costs of copying documents for the mere convenience of counsel; rather, it requested reimbursement for the costs of copying records held by entities likely to have information on Plaintiff's claims, in direct response to information identified by Plaintiff in its discovery responses. The invoices submitted in support of Defendant's motion identify each of these entities and show what each demanded in payment for the documents requested (the invoices detail the total copying cost, costs per copy, and basis for each copy job). Defendant concludes that these entities all possessed information needed by Defendant to properly assess Plaintiff's claims regarding his conduct during the last month of his employment, and

to discover information related to Plaintiff's purported damages.  Defendant maintains that, contrary to Plaintiff's claims, these records provided Defendant with significant information about Plaintiff's motivation, whereabouts, and subsequent work activities, later used to elicit information from Plaintiff that was not disclosed in his initial discovery responses.  Hence, it was necessary to request the copies for which it seeks reimbursement so as to discover information from these records in order to properly prepare its defense to Plaintiff's claims.

After reviewing Defendant's submissions, this Court concludes that Defendant has met its burden of showing that the copies for which it seeks reimbursement were reasonably necessary for use in this case.  We agree that the copies requested were necessary to discovery information to rebut Plaintiff's claim, and furthered the resolution of the case in Defendant's favor.  On the other hand, Defendant failed to provide a receipt for the $18.00 it claims were paid to Sunpass.  In addition, the invoice submitted by Defendant in support of the $60.00 copy charge by Dr. Juvenal Martinez failed to itemize the number of copies that were made, and the rate per page. As a result, Defendant should be awarded only $1,114.39 for exemplification and copy costs.

### E.    *Other Costs*

Defendant seeks reimbursement of $2,667.00 in costs incurred in connection with the restoration and searching of otherwise inaccessible e-mail records relating to Plaintiff's employment with Defendant, which Defendant claims were necessarily obtained in order to respond to Plaintiff's discovery requests. [D.E. 43-2].

Congress imposed "rigid controls on cost-shifting in federal courts" in 28 U.S.C. § 1920. *Parkes v. Hall*, 906 F.2d 658, 659 (11th Cir. 1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987)).  Consequently, the expenses that a federal court may tax as costs under Fed. R. Civ. P. 54(d) are limited by those costs enumerated under 28 U.S.C. § 1920.  *Crawford Fitting*, 482 U.S. at 442.

Plaintiff argues that the costs of restoration and searching of otherwise inaccessible e-mail records sought by Defendant are not authorized by statute and should therefore be denied.  Defendant responds that where cost-shifting is appropriate, the costs of restoration and searching are taxable, and that the restoration and searching of emails in this case were necessary to respond to Plaintiff's broad discovery request.

Even though the restoration and searching of the otherwise inaccessible e-mail records in question may have been necessary for use in the case, Congress has made it clear that the costs that a district court may tax are limited to those enumerated under 28 U.S.C. § 1920.  Given that the costs sought herein are not identified under this section, nor reasonably related to any cost that is identified, Defendant's request for $2,667.00 must be denied.  Perhaps such costs would be recoverable if a fee shifting statute or contractual provision governed this dispute.  But they do not; only section 1920 costs are reimbursable on this record.  The Court should thus decline to award this cost item in its entirety.

### III.   CONCLUSION

For the foregoing reasons, this court **RECOMMENDS** that Defendant's Motion for Costs [D.E. 43] be **GRANTED IN PART** and **DENIED IN PART**, and that Defendant be awarded a total of $2,891.52 in taxable costs, for which judgment should be entered.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Donald L. Graham, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 1st day of June, 2010.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

cc: The Honorable Donald L. Graham

All Counsel of Record